UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**RICHARD NICKERSON, and**
**MELISA NICKERSON,**

    **Plaintiffs,**

vs.                                       State Case No.: 2019-CA-002700
                                             Federal Case No.:_____

**FIRST LIBERTY INSURANCE**
**CORPORATION (THE),**

    **Defendant.**
_____/

### DEFENDANT'S NOTICE OF REMOVAL

COMES NOW, the Defendant, THE FIRST LIBERTY INSURANCE CORPORATION, ("Liberty") pursuant to 28 U.S.C. §§ 1332, 1441, 1446, files this Notice of Removal ("Notice") of this action from the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida to the United States District Court for the Middle District of Florida, Jacksonville Division, and in support of removal states:

### INTRODUCTION

1. The Plaintiffs, RICHARD NICKERSON and MELISA NICKERSON, served this breach of contract action on Liberty on April 17, 2019 in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida. The Plaintiffs allege that Liberty breached its contract of insurance by failing "to provide coverage for certain of Plaintiffs' losses." *See* Plaintiffs' Complaint, ¶¶ 10–12, a copy of which is contained within the State Court file attached as Exhibit "1."

2. This Court has jurisdiction over this removed action pursuant to 28 U.S.C. § 1441. This breach of contract action could have been filed in this Court pursuant to 28 U.S.C. §

1332 because it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. *See* 28. U.S.C. § 1332.

3. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 4.02, copies of all process, pleadings, orders and other papers or exhibits filed in the state court are attached as Exhibit "1."

## DIVERSITY OF CITIZENSHIP EXISTS

4. The Plaintiffs, RICHARD NICKERSON and MELISA NICKERSON, are now and were at the time of the filing of the Complaint, citizens of the State of Florida. *See* Plaintiffs' Complaint, ¶ 3. *See* also Duval County Property Appraiser records indicating Plaintiffs' homestead status, attached as Exhibit "2."

5. Liberty is now and was at the time of the filing of the Complaint a Wisconsin corporation, with its principal place of business in Boston, Massachusetts. Thus, Liberty is a citizen of Wisconsin and Massachusetts. *See* 28 U.S.C. § 1332(c)(1).

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

6. Plaintiffs' Complaint seeks damages "in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of prejudgment interest, attorneys' fees, and costs." *See* Plaintiffs' Complaint, ¶ 1.

7. The Complaint does not allege a specific amount of damages other than the jurisdictional threshold referenced above.

8. After being served with the Complaint and filing its answer and affirmative defenses, Liberty served discovery on the Plaintiffs in the form of Interrogatories and a Request to Produce.

9. One of the requests to produce sought "[a]ll documents reflecting any claimed damages to the insured property which are the subject of this lawsuit." *See* Defendant's Request to Produce, ¶ 13, Exhibit "1."

10. In response to the above-referenced request, Plaintiffs produced a report and estimate by Advanced Pace Technologies, Inc. ("APT"). *Id.*

11. The APT report, which was produced to Liberty on July 12, 2019, concludes that the repair cost with respect to Plaintiffs' property totals $92,013.97. *See* APT report, pg. 22, attached as Exhibit "3."

12. Prior to suit being filed, Liberty made a coverage determination, prepared an estimate to repair or replace the covered damages at the property in the amount of $7,456.59 and issued payment in the amount of $6,242.76 after subtracting the deductible and depreciation. *See* Liberty's letter dated December 14, 2018, attached as Exhibit "4."

13. Therefore, the net amount in controversy in this matter is in excess of the $75,000.00 jurisdictional limits of the Court. *See* 28 U.S.C. § 1332(a).

## **REMOVAL IS OTHERWISE PROPER**

14. Liberty was served with the Plaintiffs' Complaint on April 17, 2019.

15. The APT report was first received by Liberty through discovery responses served by Plaintiffs in connection with the pending State Court lawsuit on July 12, 2019. *See* State Court file attached as Exhibit "1."

16. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then

been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1).

17. "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

18. "If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "other paper" under subsection (b)(3)."  28 U.S.C. § 1446(c)(3)(A).

19. This matter was not removable until Liberty received the APT report establishing the amount in controversy through the course of discovery in the State Court action on July 12, 2019.

20. Therefore, this Notice of Removal is timely and properly filed pursuant to 28 U.S.C. § 1446(b)(1), 28 U.S.C. § 1446(b)(3), and 28 U.S.C. § 1446(c)(1).

21. Venue exists in the Middle District of Florida, Jacksonville Division, because the Circuit Court of the Fourth Judicial Circuit in and for Duval County is located within this District and Division.

22. Written notice of the filing of the Notice of Removal will be promptly served on Plaintiffs' Counsel, and a copy will be promptly filed with the Clerk of the Circuit Court for Duval County, Florida, pursuant to 28 U.S.C. § 1446(d).  A copy of the Notice of Filing of Notice of Removal to Federal Court is attached as Exhibit "5."

WHEREFORE, the Defendant, THE FIRST LIBERTY INSURANCE CORPORATION, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes this action from the Circuit Court of Duval County, Florida to this Court.

Respectfully submitted,

*/s/ Michael Lenhardt, Esquire*
MICHAEL F. LENHARDT, ESQUIRE
Fla. Bar No. 93234
mlenhardt@traublieberman.com
**Trial Counsel**
Traub Lieberman Straus & Shrewsberry, LLP
Post Office Box 3942
St. Petersburg, Florida 33731
(727) 898-8100 - Telephone
(727) 895-4838 - Facsimile
Attorney for Defendant, Liberty

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this ***31st day of July, 2019***, I presented the foregoing to the Clerk of the Court for Filing and uploading to the CM/EFC system, and that a copy was emailed to Mark G. Kahley, Esquire, Morgan & Morgan, PA, 76 South Laura Street, Suite 1100, Jacksonville, Florida 32202 at mkahley@forthepeople.com; bgriffin@forthepeople.com.

*/s/ Michael F. Lenhardt, Esquire*
MICHAEL F. LENHARDT, ESQUIRE
Fla. Bar No. 93234
RYAN S. PARKER, ESQUIRE
Fla. Bar No. 123642
**Traub Lieberman Straus & Shrewsberry LLP**
Post Office Box 3942
St. Petersburg, Florida 33731
(727) 898-8100
(727) 895-4838 - fax
*Primary email:* dboyle@tlsslaw.com
Attorneys for Defendant, Liberty